In the Matter of PRICE, LOW & PARKER, INC., Petitioner. ARTISTIC FOUNDATION, INC., et al., Respondents.

Supreme Court, Special Term, New York County, July 1, 1947.

*Paul R. Shaw* for petitioner.

*Gale, Bernays, Falk & Eisner* for Henry Pollak, Inc., respondent.

HECHT, J. Petitioner landlord has moved pursuant to subdivision (e) of section 2 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) to fix the emergency rent of commercial space allegedly leased to respondent Henry Pollak, Inc., prior to June 1, 1939.

The petition alleges that this lease and any renewals or extensions thereof have been continuously in force since that date. The answer and affidavit of respondent, together with the exhibits attached thereto, indicate that the original lease was made in 1938 for the period ending January 31, 1942. On July 25, 1941, this lease was extended by written agreement for one year ending January 31, 1943. On July 16, 1942, a new lease was entered into between the parties for the period of one year commencing on the expiration of the extension agreement. This lease was then extended by two successive extension agreements for one year ending on January 31, 1946.

The Commercial Rent Law provides for fixation of rent in excess of the emergency rent if " the tenant's lease, agreement

or tenancy of commercial space was made, executed or entered into prior to June first, nineteen hundred thirty-nine and the same or any renewal or extension thereof has been continuously in force since that date  *   *   *.'' This provision was adopted by a recent amendment to the legislation (L. 1947, ch. 822), upon recommendation of the Joint Legislative Committee. The committee in its report explaining the reason for the amendment, stated: '' Some such leases were made in a distress renting market. The Committee is convinced that leases made during the depths of the economic depression could not have contributed to the emergency which at that time lay in the distant future.'' (Report of the Joint Legislative Committee to Study Rents, March 5, 1947; N. Y. Legis. Doc., 1947, No. 55, p. 15.)

It is clear from this statement that the Legislature contemplated an agreement made by the landlord when, by the force of economic conditions, he was compelled to lease space at a price which did not provide an adequate return on his investment, and which he was powerless to modify when the lease expired because of the enactment of rent control. The Legislature undoubtedly sought to ease the protection afforded tenants when, in equity and justice, the rights of the landlord were unfairly restricted out of proportion to the ends intended by the law. In the instant proceeding the parties were free to bargain at arm's length between the arbitrary date of June 1, 1939, fixed by statute as the end of the depression, and March 1, 1943, the '' freeze date ''. This occurred when the new lease was entered into on July 16, 1942. The words '' renewals '' and '' extensions '' used in the act must encompass that relationship between the parties where no right of bargaining existed such as under option and automatic renewal clauses in leases.

**Motion to dismiss** petition is granted.